IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRELL DAVRON ANDERSON        :
    #306-278
        Plaintiff                  :

        v.                            :  CIVIL ACTION NO. AMD-07-464

WARDEN                            :
        Defendant

MEMORANDUM

On February 20, 2007, plaintiff Tyrell Davron Anderson, then incarcerated at the North Branch Correctional Institution in Cumberland, Maryland ("NBCI"), filed this pro se civil rights action against NBCI''s warden, alleging that half of his legal materials had been confiscated and might be destroyed. The court has received defendant's response to an order to show cause (Paper No. 4), which shall be treated as an unopposed [*] motion for summary judgment. (Paper No. 12). No hearing is needed to resolve the access-to-courts claim asserted in the complaint. *See* Local Rule 105.6 (D.Md. 2004).

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This does not mean that any factual dispute will defeat a motion for summary judgment:

---

[*] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk on April 24, 2007, informed plaintiff that defendant had filed a dispositive motion; that plaintiff had 17 days in which to file written opposition to the motion; and that if plaintiff failed to respond, summary judgment could be entered against him without further notice. (Paper No. 5). The notice was returned as undeliverable because plaintiff had not provided the Clerk information concerning his March 13, 2007, transfer to the United States Penitentiary-Allenwood, located in White Deer, Pennsylvania.

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Plaintiff was housed at NBCI from February 9, 2007, to March 12, 2007. (Paper No. 4, Exhibit 3, Affidavit of Jeffrey Nines). Division of Corrections regulations permit each prisoner to keep 1.5 cubic feet of paperwork. Plaintiff had 3 cubic feet of paperwork. Half the paperwork was confiscated and kept in storage at nearby Western Correctional Institution ("WCI"). *(Id.)*. Plaintiff was transferred to FCI-Allenwood on March 13, 2007. On April 17, 2007, Case Management Specialist Nines was informed that plaintiff's legal materials could be sent to FCI-Allenwood. On April 19, 2007, Nines shipped the legal paperwork, minus four sports and business magazines, to

plaintiff at FCI-Allenwood. (*Id*.).

Plaintiff requested injunctive relief on the basis that confiscation of a portion of his legal materials would impede his ability to complete ongoing litigation related to his confinement, resulting in a denial of access to the courts in violation of *Ex parte Hull*, 312 U.S. 546 (1941) (prisoners have a guaranteed right to reasonable access to both state and federal courts and to communication with legal advisors) and its progeny. Defendant has provided evidence that all of plaintiff's legal materials have been shipped to his present place of confinement, thus rendering moot the request for injunctive relief.

In light of the above, plaintiff's request for injunctive relief shall be denied as moot and the motion for summary judgment will be granted in favor of defendant. An Order follows.


Filed: May 15, 2007                             _/s/_____
                                                Andre M. Davis
                                                United States District Judge